**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Bryan Majeski and Dawn Majeski, | ) | FILED: SEPTEMBER 30, 2008 |
| | ) | 08CV5583 |
| Plaintiffs, | ) | JUDGE COAR |
| | ) | MAGISTRATE JUDGE VALDEZ |
| v. | ) No. | |
| | ) | PH |
| I.C. System, Inc., a Minnesota | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, Bryan Majeski and Dawn Majeski, bring this action under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that

Defendant's debt collection actions violate the FDCPA, and to recover damages for

Defendant's violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiffs reside here; and, c) Defendant transacts business here.

**PARTIES**

3.      Plaintiffs, Bryan Majeski and Dawn Majeski (the "Majeskis"), are citizens

of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant

attempted to collect a delinquent consumer debt owed to a doctor.

4.      Defendant, I.C. System, Inc. ("IC System"), is a Minnesota corporation

that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Defendant I.C. System was acting as debt collector as to the delinquent consumer debt it attempted to collect from Mr. and Mrs. Majeski.

**FACTUAL ALLEGATIONS**

5.      The Majeskis' two-year-old daughter suffered a dog bite that required her to undergo medical treatment by a plastic and reconstructive surgeon, Dr. Jerry Chow, beginning on October 11, 2007.

6.      A billing statement, dated November 30, 2007, sent by the doctor's billing service to the Majeskis, detailed that the medical services totaled about $3,500, and that the bill had been submitted to the Majeskis' primary insurance carrier for payment.

7.      A billing statement, dated December 3, 2007, sent by the doctor's billing service to the Majeskis, detailed that the bulk of the bill had been paid by the Majeskis' insurance carrier, but that about $293 remained due, and that his remaining balance was due by December 20, 2007.  Accordingly, on December 6, 2007, Mr. Majeski called the doctor's billing service and asked that information about the medical services be sent to the Majeskis secondary insurance carrier, so that the balance could be paid by that carrier.  The doctor's billing service, however, refused to help Mr. Majeski obtain the information that was needed.

8.      On December 14, 2007, Mr. Majeski and his secondary insurance carrier jointly called the doctor's billing service to get the information that this insurance carrier needed in order to pay the claim.  The doctor's billing service, however, refused to work

with the secondary insurance carrier.

9.      Instead, the doctor and/or his billing service prematurely sent the account to Defendant IC System, which on Sunday, December 30, 2007, called the Majeskis and demanded that they immediately pay the $293 debt, together with a $55.82 collection fee (19%).  On or about that date, Defendant IC System also sent the Majeskis an initial form collection letter.

10.      In fact, Defendant IC System called the Majeskis several times a day, 3-4 times a week for many weeks thereafter – sometimes even disguising the number from which the debt collectors were calling by using cell phones.  In response to this barrage of telephone calls, the Majeskis repeatedly disputed the debt, especially the alleged collection fee.  Rather than cease collection efforts, Defendant IC System's collectors threatened to ruin the Majeskis' credit.

11.      Defendant IC System's debt collectors demanded that the Majeskis send Defendant a payment of $20, to avoid damage to their credit history.  The Majeskis sent such a payment to Defendant IC System, via a check dated February 3, 2008. Moreover, the Majeskis thereafter sent a check for the remaining balance of $273 directly to the doctor's billing service, which check was refused, as it did not also include the $55.82/19% collection fee that was allegedly owed.

12.      The Majeskis then sent Defendant IC System a check, dated March 11, 2008, in the amount of $273, which it accepted.  One of Defendant's debt collectors, "Jamie", told the Majeskis that this payment was enough to resolve the debt, and that Defendant would drop the collection fee that was allegedly owed.

13.      Despite being advised that the payment they made was sufficient,

3

Defendant IC System continued to call the Majeskis several times per day, several days per week, demanding that they pay the 19% collection fee, plus interest!  Moreover, Defendant IC System threatened that if the Majeskis did not pay the remaining amount, Defendant would ruin their credit.

14.     In response to Defendant IC System's continuing barrage, the Majeskis told Defendant IC System that they refused to pay the collection fee, as it was, in fact, not owed by them, because, under the terms of the written contract with the doctor, they could not be sent to collection until after they had received three monthly statements -- they were, in fact, sent to collection after one statement – and a collection fee was due only after the account had been billed, and was unpaid for more than 45 days.  Here the doctor and/or his billing service had violated the written contract and jumped the gun by several weeks.

15.     Nonetheless, Defendant IC System sent a letter, dated May 13, 2008, to Mr. Majeski, demanding that he pay it $59.87 for the 19% collection fee and interest, and also threatened to mar his credit history.  A copy of this letter is attached as Exhibit A.  Moreover, Defendant IC System's continued its barrage daily/weekly phone calls.

16.     Accordingly, on June 6, 2008, the Majeskis sent Defendant IC System a letter, demanding that it cease communication, and also reiterated that they disputed the alleged debt.  A copy of this letter is attached as Exhibit B.

17.     Defendant IC System responded by sending Mr. Majeski a letter, dated June 30, 2008, advising him that Defendant IC System would cease communication; however, every week until the collection charges were paid off, Defendant IC System would report the debt to the credit bureaus as unpaid.  A copy of this letter is attached

4

as Exhibit <u>C</u>.

18.     The Majeskis are informed and believe that Defendant IC System did, in fact, make a negative credit report on Mr. Majeskis' credit history, despite its original promise to not report the debt if payment was made.

19.     All of Defendant's collection actions at issue occurred within one year of the date of this Complaint.

20.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g Of The FDCPA –**
**Overshadowing the Validation Notice**
**And Demanding Payment Of A Disputed Debt**

21.     Plaintiffs adopt and reallege ¶¶ 1-20.

22.     Section 1692g(a) of the FDCPA requires that, within 5 days of Defendant IC System's first communication to a consumer, an effective validation notice must be provided, <u>i.e.</u>, notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it, while § 1692g(b) of the FDCPA mandates that a debt collector cease collection efforts on a disputed debt until it provides verification of that debt.

23.     Defendant IC System's demands for immediate payment, made during the 30-day validation period, overshadowed, and thus rendered in effective, the validation notice, in violation of 1692g(a) of the FDCPA, while its continued efforts to collect a disputed debt violated § 1692g(b) of the FDCPA.

5

24.     Defendant's violation of § 1692g of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

25.     Plaintiffs adopt and reallege ¶¶ 1-20.

26.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.  Specifically, § 1692f(1)  of the FDCPA prohibits debt collectors from attempting to collect any "interest, fee, charge, or expense incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Defendant IC System, by attempting to collect a 19% charge that was not yet due per the terms of the underlying agreement, and by trying to collect this charge after agreeing to waive same, engaged in unfair or unconscionable collection actions in violation of § 1692f of the FDCPA.

27.     Defendant's violation of § 1692f of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692d Of The FDCPA –**
**Harassment And Abuse Through Numerous**
**Improper And Abusive Telephone Calls**

28.     Plaintiffs adopt and reallege ¶¶ 1-20.

29.     Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see 15 U.S.C. § 1692d.

6

30.     Defendant, through its agents, by continually calling the Majeskis several times a day for weeks on end and by disguising the phone number from which it was calling by using cell phones, engaged in conduct, the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

31.     Defendant's violation of § 1692d of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT IV**
**Violations Of § 1692e Of The FDCPA –**
**Making False Statements**

32.     Plaintiff adopts and realleges ¶ 1-20.

33.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to: the false representation of the character, amount or legal status of any debt.  <u>See</u>, 15 U.S.C. § 1692e(2)(A).

34.     By repeatedly misrepresenting the character and amount of the debt, by attempting to collect an improper collection fee, and by making a negative credit report after promising to not do so, Defendant IC System made false, deceptive, and/or misleading statements in violation of  § 1692e of the FDCPA.

35.     Defendant's violation of § 1692e of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k

**PRAYER FOR RELIEF**

Plaintiffs, Bryan Majeski and Dawn Majeski, pray that this Court:

1.     Declare that Defendant IC System's debt collection practices violate the

7

FDCPA;

2.      Enter judgment in favor of Plaintiffs, and against Defendant, for actual and

statutory damages, costs, and reasonable attorneys' fees as provided by

§ 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiffs, Bryan Majeski and Dawn Majeski, demand trial by jury.

Bryan Majeski and Dawn Majeski,


By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated: September 30, 2008

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com